STATE, Plaintiff in error, vs. LANGLADE COUNTY CREAM-
ERY COMPANY, Defendant in error.

*April 9—May 3, 1927.*

*Food: Prohibiting manufacture of cheese from less than whole
milk: Manufacture of Emmenthaler cheese from standardized
milk permitted: Constitutional law.*

1. The word "cheese" in sec. 352.36, Stats., prohibiting the man-
ufacture of cheese from milk from which any fat has been
removed, is applicable to American Swiss (Emmenthaler)
cheese as well as to American or cheddar cheese. p. 115.
2. Sub. (9), sec. 352.03, and sec. 352.36, Stats., when construed to-
gether, are *held* to permit the making of Emmenthaler cheese
from milk which has been standardized by the removal of a
slight amount of butter fat, provided that the cheese made
from such milk shall never contain less than forty-three per
cent. of butter fat in the dry matter. p. 117.
3. The supreme court must presume that the legislature did not
intend to pass any act in conflict with any constitutional limi-
tations on its power, and must give the statutes a construc-
tion harmonizing them with the provisions of the constitu-
tion. p. 116.

ERROR to review an order of the municipal court of Lang-
lade county: A. N. WHITING, Judge. *Affirmed.*

This is a criminal proceeding against the *Langlade County
Creamery Company* charging that it had manufactured
Emmenthaler or American Swiss cheese from milk from
which a portion of the butter fat had been removed contrary
to statute. From an order abating the action and dismissing
the complaint on the ground that the statute was uncon-
stitutional as applied to Emmenthaler cheese, the State ap-
pealed.

The information charged that the *Langlade County
Creamery Company* "did unlawfully manufacture within
this state skimmed-milk cheese and cheese manufactured
from milk from which a part of the fat originally contained
therein had been removed, and that the said skimmed-milk

cheese so manufactured was more than ten inches in diameter and less than nine inches in height." Sec. 352.36 (formerly sec. 4607c) of the Statutes prohibits any person from manufacturing or selling "any cheese manufactured from or by the use of skim milk to which there has been added any fat which is foreign to such milk or . . . any skimmed-milk cheese or cheese manufactured from milk from which any of the fat originally contained therein has been removed, except such last-mentioned cheese is ten inches in diameter and nine inches in height." The proof supports the finding of the trial court "that, in order to manufacture a 'Fancy' or 'No. 1' domestic Swiss cheese, it is essential to have a milk where the fat and casein content is formed to a definite ratio, or to reduce the fat content of the milk to the ratio required. That the ratio recommended by the United States Department of Agriculture is one pound of fat to .75 to .80 pound of casein. That . . . a Fancy or Number 1 domestic Swiss cheese cannot be manufactured from milk containing a too high percentage of fat in proportion to the percentage of casein without reducing the fat content. That experience shows that a larger percentage of Fancy and Number 1 domestic Swiss cheese can be made during all seasons of the year by taking out some fat and keeping the proper ratio of fat and casein. . . . That a fancy domestic Swiss cheese cannot be manufactured in loaves nine inches in height and ten inches in diameter, as provided by sec. 4607c, Stats., for the reason that the same would, after curing, be rind to a much greater extent than ordinary Swiss cheese, and because of lack of body and bulk very few eyes would develop, with a consequent lack of flavor. . . . That the fat content of imported Emmenthaler cheese from Switzerland, which under the federal law must contain forty-five per cent. of fat in the dry substance, and the domestic Swiss made from standardized milk exceeds forty-three per cent. in the dry matter as required by sub. (9), sec. 4601—4a."

State v. Langlade County Creamery Co. 193 Wis. 113.

For the plaintiff in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Earl J. Plantz,* district attorney of Langlade county, and oral argument by *Mr. Messerschmidt.*

*Irvin A. White* and *Chas. H. Avery,* both of Antigo, attorneys, and *Erwin P. Snyder* of Chicago, of counsel, for the defendant in error.

STEVENS, J.   (1) Defendant's first ground for the abatement of the action is that sec. 352.36 of the Statutes does not apply to the manufacture of Emmenthaler cheese because the word "cheese" as used in this statute applies only to American or cheddar cheese and does not apply to special brands like American Swiss or Emmenthaler cheese. We cannot believe that it was the legislative intent to give the word "cheese" as used in this statute so narrow or limited a meaning.

(2) Defendant's second ground for an abatement of the action is based upon the contention that the filled-cheese statute (sec. 352.36 of the Statutes) was modified by the exception, printed in italics below, which was added to sub. (9) of sec. 352.03 (formerly sec. 4601—4a) of the Statutes by ch. 474, Laws of 1915. This section, so far as material, reads: "cheese contains, in the water-free substance, not less than fifty per cent. of milk fat; . . . *except that Emmenthaler cheese, commonly known as domestic Swiss cheese, shall contain in the water-free substance not less than forty-three per cent. of milk fat.*" The case turns upon the question of whether this amendment modifies the filled-cheese statute (sec. 352.36) so as to permit some skimming of the milk in the manufacture of Emmenthaler cheese if the butter-fat content was not reduced below the prescribed forty-three per cent., or whether this exception adds another requirement to the filled-cheese statute so that Emmenthaler cheese must not only be made from whole milk, but from whole milk

which will produce cheese with not less than forty-three per cent. of butter fat.

If it is held that this exception does not modify the filled-cheese statute and that whole milk must always be used in the manufacture of Emmenthaler cheese without regard to the per cent. of butter fat contained in such cheese, then the constitutionality of the filled-cheese act is called into question so far as it affects Emmenthaler cheese. The trial court in a very able and well reasoned opinion arrived at the conclusion that the filled-cheese act (sec. 352.36 of the Statutes) was unconstitutional so far as it applied to Emmenthaler cheese. This ruling was based upon the fact that the proof shows that the best quality of Emmenthaler cheese cannot be made from milk that contains a large percentage of butter fat without the removal of a small per cent. of that butter fat. We do not determine whether the trial court arrived at the right conclusion when it held sec. 352.36 unconstitutional so far as it applied to Emmenthaler cheese. We merely call attention to his conclusion for the purpose of showing that the constitutionality of the act will be called in question if it be held that the statutes prohibited the manufacture of Emmenthaler cheese from anything but whole milk.

The rule is familiar that this court must presume that the legislature did not intend to pass any act that would be in conflict with any constitutional limitation upon the power of that body, and that it is the duty of the court to give the acts of the legislature a construction that will bring them into harmony with the provisions of the constitution and not into conflict with the fundamental law.

If the act of 1915 (sub. (9), sec. 352.03, Stats.) was passed in recognition of the well nigh universal practice of slightly skimming milk which is used to make Emmenthaler cheese in order to produce the best quality of such cheese, it will remove all questions as to the constitutionality of the filled-cheese act so far as it is applied to the manufacture of

Emmenthaler cheese and at the same time permit the making of Emmenthaler cheese to go on in accord with the practice that has prevailed for a period of years without subjecting any maker thereof to the charge that he is violating the law. Such a construction protects the public from anything more than the slight skimming of milk used for the manufacture of Emmenthaler cheese which is shown to be essential to produce the best quality of American Swiss cheese. The act of 1915 recognizes the fact that Emmenthaler cheese may be made with a smaller percentage of butter fat than that required for the manufacture of other kinds of cheese.

We therefore hold that sub. (9) of sec. 352.03 and sec. 352.36 of the Statutes should be construed together, and that when so construed they permit the making of Emmenthaler cheese from milk which has been standardized by the removal of a slight amount of butter fat, provided that the amount removed shall be so slight that the Emmenthaler cheese made from such milk shall never contain less than forty-three per cent. of butter fat in the dry matter. The proof also establishes the fact that milk that is standardized—that is, slightly skimmed to give the proper ratio of casein to butter fat—will not produce Emmenthaler cheese which contains less than forty-three per cent. of butter fat in dry matter. It is not alleged and it is not proven that the defendant made any Emmenthaler cheese which contained less than forty-three per cent. of butter fat.

*By the Court.*—Order affirmed.